Exhibit A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### SOUTHERN DIVISION (CHATTANOOGA)

| | |
|---|---|
| CALLIE LOWE and HENRY ALLEN LOWE, ADMINISTRATORS FOR THE ESTATE OF ALLEN C. LOWE )<br><br>Plaintiffs, )<br><br>v. )<br><br>CSX TRANSPORTATION, INC. )<br><br>Defendant. ) | Civil Action<br>File No. 1:19-cv-00240<br><br>**Plaintiffs Demand a Jury Trial** |

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CSX TRANSPORTATION, INC.

TO:  CSX TRANSPORTATION, INC., Defendant herein.

Plaintiffs, in the above styled action, by and through counsel, serve PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO CSX TRANSPORTATION, INC, ("CSXT"). Pursuant to Rule 34 of the Federal Rules of Civil Procedure, you are hereby requested to produce for inspection and copying at the offices of COOK, p.c., 970 Peachtree Industrial Boulevard, Suite 202, Suwanee, Georgia 30024, at 10:00 a.m. in the time period required by law, the following documents:

### DEFINITIONS & INSTRUCTIONS

1. The word "document" as used herein shall have the same meaning as is provided in Rule 34 of the Federal Rules of Civil Procedure. You are notified to produce as set forth above and

requested to produce the following original documents at the date and time specified above unless other arrangements for production have been made prior to that time.

2. Whenever it is requested that a person or persons be identified, the full name and current or last known address of the person should be stated and the relationship with the answering defendant should be noted. In any instance where the defendant is unable to identify all persons requested to be identified, the Requests should be answered to the fullest extent possible by the defendant. Whenever it is requested that a document be identified, please give a description of the type of document, the identity of the person or persons who authored, prepared, signed, and received the document, the date title, and general description of the subject matter of the document, present location or custodian of the original and each can identify the document, and if a privilege is claimed, the specific basis for such claim, in addition to the information set forth above.

3. When used in these Requests, the term "defendant" or any synonym thereof, whether singular or plural, is intended to and shall embrace and include Defendant CSXT, counsel for the defendant, defendant's insurer(s), all agents, servants, employees, representatives and others who are in possession of or may have obtained information for or on behalf of the defendant, and shall include all subsidiaries, predecessors, and/or affiliates presently or in the past which would have information requested by the Request.

4. Reference to the term "you", or "your" means Defendant CSXT or any agent, representative, employee, servant, affiliate, subsidiary or predecessor.

5. Reference to "Decedent" means to Allen C. Lowe.

6. Use of the term "document" shall mean each of the following that is in the possession, custody, or control of Defendant named above or that can be obtained by the party through the

2

exercise of a superior right to compel production from a third person: the original and each non-identical copy (whether different from the original by virtue of notes made or otherwise) and, if the original is not in existence or subject to your control, each non-identical copy, regardless of origin or locations, of any handwritten, typewritten, printed, recorded (audio, video, or otherwise), transcribed, punched, taped, photocopied, photostatic, telecopied, filmed, microfilmed, or otherwise prepared matter, including without limitation, however produced or reproduced, any and all agreements, communications, drafts, letters, records, reports, memoranda, minutes of meetings, notes, letters, telegrams, telexes, cables, mailgrams, contracts, photographs, films, tapes, transcripts, correspondence, financial statement, computer printouts, worksheets, electronic recordings, purchase orders, invoices, receipts, ledgers, books and records, vouchers, canceled checks, agreements, tables, charts, graphs, compilations, tabulations, regulations, files, pamphlets, papers, notations, transcriptions, or tapings of telephone conversations or meetings, specifications, plans, drawings, working plans, design information, engineering reports or information, summaries of investigations, desk calendars, appointment books, and any other data compilation from which information can be obtained or translated into reasonably usable form, and all drafts of the foregoing. "Documents" as used herein includes, but is not limited to, any form of writing or communication whether it be by paper, film, microfilm, microfiche, computer printout, computer disk, laser disk, computer card, compact disk, CD ROM, magnetic media, computer database(s), reports, records, lists, memoranda, correspondence, telegrams, schedules, photographs, drawings, charts and other form of information preservation. Any request concerning a document is to be considered a continuing request as a defendant becomes aware of such document.

3

7.   The terms "communication(s)" shall mean all letters, telegraphs, memoranda (including all reports of or references to telephone conversations, face-to-face conversations or other forms of oral or written communications), telexes, cables, mailgrams, fax, meeting(s), telephone conversations(s), in-person conversation(s), and all other types of kinds of documents by which one transfers information to another and/or discussion(s) even if it is not memorialized in writing.

8.   The word "describe", used in connection with any act, occurrence, or physical facts, shall include but not be limited to the following: the identity of every person known to have been involved in or to have witnessed the act or occurrence, the date or dates of any such act or occurrence, and a description of any documents, records, or things documenting or involved in such act, occurrence, or fact.

9.   The term "and/or," "or", and "and" are used inclusively, not exclusively.

10.   Each and every document produced in response to these Requests shall be properly identified by document name and shall further specify which Request(s) it is being produced in response to.

## REQUEST FOR PRODCUTION OF DOCUMENTS

1.   All documents identified and/or listed in Defendant's responses to Plaintiffs' Interrogatories.

**RESPONSE:**

2.   Any statements of Decedent and/or any witness and/or co-worker and/or any manager or supervisor given to Defendant in connection with the above-specified accident and/or injury. NOTE: If said statement(s) have not yet been transcribed, please produce the original tape or recording containing said statement(s).

4

**RESPONSE:**

3.      Any statements of Decedent kept in the ordinary course of Defendant's business concerning personal injuries sustained by Decedent before the incident in issue. NOTE: If said statement(s) have not yet been transcribed, please produce the original tape or recording containing said statement(s).

**RESPONSE:**

4.      The personal injury files pertaining to Decedent and kept by Defendant in the ordinary course of Defendant's business.

**RESPONSE:**

5.      Any and all versions of form PI-1A "Personal Injury/Occupational Illness Report" (or the initial accident report, however designated) completed by the Plaintiff at the request of CSX Transportation, Inc. management officials since 2000. Specifically include the PI-1A forms completed by the Decedent or Defendant or Defendant's agent or employee.

**RESPONSE:**

6.      Any and all drawings, graphs, charts, photographs, videos, DVDs, RailView videos, LocoCam/LVDR videos, yard camera videos, any other locomotive and/or engine RailView video and/or LocoCam/LVDR videos (locomotive(s) that were in the yard but not subject to the accident), digital photographs, writings, not privileged or work product, pertaining to the subject matter of this cause of action.

**RESPONSE:**

7.      The transcript of any investigation held pursuant to the Defendant's labor contracts with its employees (as opposed to investigations by the Claims Department in anticipation of, or in preparation for, trial) involving the subject accident and/or injury.

5

**RESPONSE:**

8. The minutes and records of the meeting of Defendant's safety committee and all "safety items" or similar reports kept or submitted in the ordinary course of Defendant's business for five (5) years prior to the incident complained of pertaining to activities of Defendant's employees in and around the location of injury as alleged.

   **RESPONSE:**

9. Any and all documents in possession of the Defendant pertaining to the "job description" or "essential functions of the job" and physical requirements necessary for any and all positions held by Decedent while employed by CSXT.

   **RESPONSE:**

10. A statement of or record(s) showing the historical progression of wages, reflecting the daily rate of pay, of Decedent's class of employment or craft from 2010 to the present.

    **RESPONSE:**

11. The General Claims Payroll Extract (or the payroll records, however designated) showing the Decedent's gross and net earnings per month for five years prior to the above-specified injury and up to the present date.

    **RESPONSE:**

12. All employee benefits for which Decedent was enrolled at the time of his death, including any Decedent is entitled to after his death, along with policy numbers and amounts of said benefits.

    **RESPONSE:**

13. Any and all statistical data, whether pertaining to injuries or damages or loss of earnings in the past or in the future, which Defendant intends to rely upon at trial.

6

**RESPONSE:**

14. Any and all written reports, whether medical or economic or vocational, concerning Decedent's ability to perform his/her regular duties or any other duties prior to his death on April 13, 2019.

    **RESPONSE:**

15. Any and all documents which give Defendant's estimate of Decedent's lost wages.

    **RESPONSE:**

16. Any and all documents, real evidence or tangible items (not previously furnished) which you refer to in your Answers to any of Plaintiffs' Interrogatories, or of which you have knowledge, and/or which Defendant intends to use, introduce or rely upon at trial.

    **RESPONSE:**

17. The locomotive download from each and every locomotive involved in the subject incident on April 13, 2019 for a 4-hour period preceding the incident and for a 4-hour period after the incident.

    **RESPONSE:**

18. Any and all operations or operator manuals, company procedures, company standards, guidelines, rules, brochures or other written materials concerning train operations and the work activities in which Decedent and/or his crew was engaged at or near the location where the incident in issue occurred.

    **RESPONSE:**

19. Any and all materials or documents received by Defendant in response to any subpoenas, subpoenas *duces tecum* or third-party request of any sort or type, issued by Defendant in this action or relating to Decedent in any manner.

7

**RESPONSE:**

20. All e-mails, electronic communications, memoranda, letters, electronic logs or diaries, or documents/things of any type to/from and/or between CSXT's medical department and/or vocational rehabilitation department and any other person/entity regarding Decedent, in any manner.

**RESPONSE:**

21. All e-mails, electronic communications, memoranda, letters, electronic logs or diaries, or documents/things of any type created by the CSXT medical department regarding Decedent, in any manner.

**RESPONSE:**

22. For any supervisory person employed by the CSXT and identified by Defendant in any answers to interrogatories, and for any such supervisory railroad company employee whose deposition is scheduled and noticed by Plaintiffs or Defendant, provide an official "position description" detailing such employee's written job description, and provide all such position descriptions from 2009 to the present.

**RESPONSE:**

23. A curriculum vitae or resume for each expert witness identified in your Answers to Interrogatories and copies of all documents provided to any expert by you, or provided to you by any such expert.

**RESPONSE:**

24. Produce all letters or documents written or mailed by any of Defendant's employees, agents or retained consultants relating to Decedent's medical status, or vocational rehabilitation, along with all letters received by them from Decedent.

8

**RESPONSE:**

25.     Any and all maintenance, inspection, alteration and/or repair records you possess relating to the inspection, maintenance, service, repair and usage of locomotive(s) used for power in the train consist of the train that struck and killed Decedent for a period of five years prior to the incident in question.

**RESPONSE:**

26.     Any documents, writings or forms partially or wholly written by Decedent, or signed by Decedent, which you possess and assert have any relevance to the Decedent's suit or your defenses to same.

**RESPONSE:**

27.     Any documents, writings or media of any nature created by any governmental entity, which you claim is self-authenticating or of which you may ask the Court to accept as evidence under judicial notice.

**RESPONSE:**

28.     With respect to your records or database of information of prior railway worker claims for injuries, produce a hard copy from your computer records of any and all prior worker claims for the five (5) year period predating the date of accident in this case for Wauhatchie Yard.

**RESPONSE:**

29.     Produce the timetable booklet or manual in effect as of the date of accident alleged in the Complaint, which includes the location of the subject accident.

**RESPONSE:**

9

30.     Please provide a copy of any and all "root cause analysis" report and/or "key factors analysis" report and/or any other investigative report of any name or type, including any and all reports entered into the CSXT RAR system, that is related to this matter, however slight.

        **RESPONSE:**

31.     Copies of any reports, notes or memoranda reflecting the nature and substance of the opinions held by any expert you may call to testify herein regardless of the issue upon which such opinion may be offered.

        **RESPONSE:**

32.     Copies of any and all written complaints received by the Defendant, specifically dealing with any unsafe conditions, "near misses" and/or injuries that happened at or near the area where the incident in issue occurred.

        **RESPONSE:**

33.     Copies of any and all written documents outlining any change in remote-control operations for Wauhatchie Yard for a period of five (5) years prior to the incident.

        **RESPONSE:**

34.     A copy of any and all reports, statements, memoranda, drawings, drafts, prints, pleadings, depositions or other documents or information which the Defendant contends is relevant to any issue in this case.

        **RESPONSE:**

35.     Any and all correspondence, notes, letters, documents, electronic mail, memorandum, and/or writings of any kind that has been provided to, received by, possessed by and/or maintained by Defendant from any union, labor union and/or organized labor affiliate

that concerns or mentions in any manner whatsoever, remote control operations and procedures and related injuries and/or injuries related to defective switches, switching operations, radios, radio communication and/or radio failures.

**RESPONSE:**

36.     Any and all correspondence, memorandum, notes, letters, documents, electronic mail, bulletins, internal memorandum and/or writings of any kind whatsoever that has been provided, received, possessed, maintained, sent, disseminated, forwarded by Defendant and/or Defendant's employees, including but not limited to Corporate Officers, Corporate Management, Superintendents, Assistant Superintendents, Terminal Superintendents, Trainmasters, Yardmasters, Road Foremen, Yard Forman, Supervisors, Foremen, Inspectors, Corporate Medical Department Personnel, Industrial Hygiene Department Personnel, Ergonomic Personnel, Engineering Department Personnel, and Risk Management and Claims Personnel that concerns and/or mentions injuries related to, in any manner whatsoever, switching operations, switching cars, spotting cars, yard tracks, faulty/defective switches, radios, radio communications and or radio failures.

**RESPONSE:**

37.     Any and all training documents, videos, presentations, and other materials associated with or related to training CSXT employees on switching procedures, blue signal protection, switching operations, spotting cars, yard tracks, operating hand thrown switches, radio procedures and communication between engineer and conductors, and remote-control operations.

**RESPONSE:**

38. The complete personnel file maintained by Defendant CSXT for Decedent, Allen C. Lowe.

   **RESPONSE:**

39. The complete medical file maintained by Defendant CSXT for Decedent, including but not limited to any and all reports, articles, books, written statements, correspondence or other documents created by CSXT relating to the medical treatment of Decedent, report(s), surgical report(s), nurse's note(s), physician's note(s), office notes, dictation, any and all films, itemized billing statement(s), any and all medical bills paid by Defendant on behalf of Decedent for medical treatment of injuries, and any and all medical bills received by Defendant on behalf of Decedent for medical treatment of injuries during his employment with CSXT.

   **RESPONSE:**

40. Any and all documents relating to any and all track and/or yard inspections performed in Wauhatchie Yard from January 1, 2010 to present.

   **RESPONSE:**

41. Any and all documents relating to any and all track and/or yard maintenance and/or repairs performed in Wauhatchie Yard from January 1, 2010 to present.

   **RESPONSE:**

42. A copy of any and all recordings of radio communications occurring on April 13, 2019, including, but not limited to, any and all yard recordings, radio communications with dispatch between any and all employees working within Wauhatchie Yard, including but not limited to Decedent, and any and all crew(s) reporting Decedent's fatality, and radio communications between any employee with the yard office April 13, 2019.

12

**RESPONSE:**

43. Produce a copy of any and all charge letters, notice of investigation, or discipline letters issued as a result of the subject incident described in Plaintiffs' Complaint.

**RESPONSE:**

44. Any and all correspondence exchanged with the Federal Railroad Administration and National Transportation Safety Board concerning the subject incident, including, but not limited to, any and all report(s) or communications.

**RESPONSE:**

45. All documents which record, reflect, or otherwise evidence, in whole or in part, Decedent's application for employment with the Defendant.

**RESPONSE:**

46. A copy of the Inspection of Rail Cars Involving Personal Injury report completed following the incident outlined in the Complaint.

**RESPONSE:**

47. All documents which record, reflect, or otherwise evidence, in whole or in part any policies, rules, bulletins, communication(s) or warning(s) issued by any entity, including, but not limited to CSXT, to employees of CSXT regarding switching and remote control operations at Wauhatchie Yard from April1, 2014 through May 1, 2019.

**RESPONSE:**

48. The complete personnel file maintained by Defendant CSXT for CSXT employee Keith Robertson.

**RESPONSE:**

13

49.     A copy of each and every contract (including but not limited to any and all contracts referred to as side track agreements), agreement, memorandum, addendum, letter and/or document of any kind between Defendant CSXT, Wauhatchie Yard, and/or any other entity or business, which acknowledges, references, describes, details, lists, enumerates or contains any information of any type regarding Defendant CSXT's access to, responsibility for, ownership of, maintenance of and/or usage of Wauhatchie Yard.

**RESPONSE:**

50.     Any and all training materials, including notices, bulletins, operating rules, operating procedures issued to or used in training for carmen at Wauhatchie Yard that specifically reference changes to remote-control zones and/or remote-control operations in 2019.

**RESPONSE:**

51.     A copy of the operational testing plan in effect for Wauhatchie Yard on April 14, 2019 as required by CFR 217.

**RESPONSE:**

52.     A copy of the operational testing records for all transportation employees involved in switching and/or remote-control operations at Wauhatchie Yard from April 1, 2017 through April 14, 2019.

**RESPONSE:**

53.     A copy of the operational testing records for all mechanical employees assigned to work at Wauhatchie Yard from April 1, 2017 through April 14, 2019.

**RESPONSE:**

54.     A copy of any and all reports entered into the CSX RAR (Railroad Accident Reporting System).

14

**RESPONSE:**

Respectfully submitted this 4th day of December, 2019.

                            **COOK, p.c.**

By:                                     
Edward S. Cook
Ga. Bar No. 183741
Admitted to practice in EDTN
Lindsey A. Rodgers
BPR# 036177
Admitted to practice in EDTN
William P. Leverett, Jr.
Ga. Bar No. 225593
Admitted to practice in EDTN
ATTORNEYS FOR PLAINTIFF

970 Peachtree Industrial Boulevard, Ste. 202
Suwanee, GA 30024
Ph. 404.841.8485
Fx. 678.541.5408
ecook@cookpclaw.com
lrodgers@cookpclaw.com
bleverett@cookpclaw.com

15

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that true copies of the foregoing Plaintiffs' First Requests for

Production of Documents to Defendant, CSX Transportation, Inc. was sent via U.S. Mail, with

sufficient postage attached, to the following counsel of record:

Christopher W. Cardwell
Mary Taylor Gallagher
**GULLET, SANFORD, ROBINSON& MARTIN, PLLC**
150 Third Avenue South, Suite 1700
Nashville, Tennessee 37201
ccardwell@gsrm.com
mtgallagher@gsrm.com

**COOK, p.c.**

By: _____

Edward S. Cook
Ga. Bar No. 183741
Admitted to practice in EDTN
Lindsey A. Rodgers
BPR# 036177
Admitted to practice in EDTN
William P. Leverett, Jr.
Ga. Bar No. 225593
Admitted to practice in EDTN
ATTORNEYS FOR PLAINTIFF

970 Peachtree Industrial Boulevard, Ste. 202
Suwanee, GA 30024
Ph. 404.841.8485
Fx. 678.541.5408
ecook@cookpclaw.com
lrodgers@cookpclaw.com
bleverett@cookpclaw.com

16

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## SOUTHERN DIVISION (CHATTANOOGA)

| | | |
|---|---|---|
| CALLIE LOWE and HENRY ALLEN LOWE, ADMINISTRATORS FOR THE ESTATE OF ALLEN C. LOWE | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action File No. 1:19-cv-00240 |
| CSX TRANSPORTATION, INC. | ) ) | **Plaintiffs Demand a Jury Trial** |
| Defendant. | ) ) ) | |

## PLAINTIFF'S FIRST INTERROGATORIES
## TO DEFENDANT CSX TRANSPORTATION, INC.

Plaintiffs, by and through counsel, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, request that Defendant CSX Transportation, Inc. ("CSXT") answer under oath, within the time permitted by law, the following Interrogatories. Each of the following Interrogatories shall be deemed continuing, and must be supplemented by Defendant to the extent required by the Federal Rules of Civil Procedure.

## DEFINITIONS

1.      Whenever it is requested that a person or persons be identified, the full name and current or last known address of the person should be stated, and the relationship with the answering Defendant should be noted. In any instance where Defendant is unable to identify all persons requested to be identified, the Interrogatories should be answered to the fullest extent possible by Defendant. Whenever it is requested that a document be identified, give a

description of the type of document, the identity of the person or persons who authored, prepared, signed, and received the document, the date title, and general description of the subject matter of the document, present location or custodian of the original and each can identify the document, and if a privilege is claimed, the specific basis for such claim, in addition to the information set forth above.

2. When used in these Interrogatories, the term "Defendant" or any synonym thereof, whether singular, or plural, is intended to and shall embrace and include Defendant CSXT, counsel for Defendant, all agents, servants, employees, representatives and others who are in possession of or may have obtained information for or on behalf of Defendant, and shall include all subsidiaries, predecessors, and/or affiliates presently or in the past which would have information requested by the Interrogatory.

3. Reference to the term "you" or "your" means Defendant CSXT or any agent, representative, employee, servant, affiliate, subsidiary or predecessor, including legal counsel.

4. Reference to "Decedent" refers to Allen C. Lowe.

5. Use of the term "document" shall mean each of the following that is in the possession, custody, or control Defendant CSXT, or that can be obtained by the party through the exercise of a superior right to compel production from a third person: the original and each non-identical copy (whether different from the original by virtue of notes made or otherwise) and, if the original is not in existence or subject to your control, each non-identical copy, regardless of origin or locations, of any handwritten, typewritten, printed, recorded (audio, video, or otherwise), transcribed, punched, taped, photocopied, photostatic, telecopied, filmed, microfilmed, or otherwise prepared matter, including without limitation, however produced or reproduced, any and all agreements, communications, drafts, letters, records, reports,

2

memoranda, minutes of meetings, notes, letters, telegrams, telexes, cables, mailgrams, contracts, photographs, films, tapes, transcripts, correspondence, financial statement, computer printouts, worksheets, electronic recordings, purchase orders, invoices, receipts, ledgers, books and records, vouchers, canceled checks, agreements, tables, charts, graphs, compilations, tabulations, regulations, files, pamphlets, papers, notations, transcriptions, or tapings of telephone conversations or meetings, specifications, plans, drawings, working plans, design information, engineering reports or information, summaries of investigations, desk calendars, appointment books, and any other data compilation from which information can be obtained or translated into reasonably usable form, and all drafts of the foregoing. "Documents" as used herein includes, but is not limited to, any form of writing or communication whether it be by paper, film, microfilm, microfiche, computer printout, computer disk, laser disk, computer card, compact disk, CD ROM, magnetic media, computer database(s), reports, records, lists, memoranda, correspondence, telegrams, schedules, photographs, drawings, charts and other form of information preservation. Any request concerning a document is to be considered a continuing request as Defendant becomes aware of such document.

6.      Reference to the term "identify" or "identity" when used in reference to an individual person, company, or other entity means to state the full name, present address, and, in the case of a person, his or her business affiliation. When these terms are used in reference to a document, it includes a description of the document, including the nature and content thereof, the fate thereof, the name and address of the author and recipients thereof and the present location of the person or entity having custody thereof.

7.      The word "describe", used in connection with any act, occurrence, or physical facts, shall include but not be limited to the following: the identity of every person known to

3

have been involved in or to have witnessed the act or occurrence, the date or dates of any such act or occurrence, and a description of any documents, records, or things documenting or involved in such act, occurrence, or fact.

8. When used in these Interrogatories, the terms "incident" and/or "accident" shall reference decedent Allen C. Lowe being struck by a remote-controlled locomotive, which subsequently ran over Decedent on April 13, 2019, and forms the basis of Plaintiffs' Complaint.

9. When used in these Interrogatories, the term "Wauhatchie Yard" shall reference the location at which the April 13, 2019 incident serving as the basis of Plaintiffs' Complaint occurred.

10. The term "and/or," "or", and "and" are used inclusively, not exclusively.

## INTERROGATORIES

1. State the following for each person known to Defendant CSXT who has any knowledge of any facts, events, conditions or circumstances concerning the incident and Allen Lowe's resulting death (as detailed in the Complaint herein), during the time period preceding, at the time of, or following the accident, including eyewitnesses, investigator(s), and Decedent's supervisor(s):

        (a)     name;
        (b)     present address;
        (c)     social security number;
        (d)     telephone number; and
        (e)     classification or occupation.

**RESPONSE:**

2. With regard to each such person identified in response to Interrogatory No. 1, specify as to whether such person has knowledge as to liability, injuries or damages in this action, and what

4

personal knowledge you know the person to possess. Your answer should specifically include, but not be limited to, all co-workers who were with the Decedent at the time and place of his death, or who came upon the scene after the accident, any supervisory personnel who assigned the work to Decedent on the date and time of Decedent's accident, as well as any supervisory person or inspection personnel with authority over Decedent's work, at the time and place set forth in the Complaint, and further, should include any and all railroad personnel (name, title and home address) who were present at any time during which CSXT has "re-enacted" or attempted to simulate the events asserted in the Complaint by assembling the subject equipment and any workers to engage in the subject work tasks.

**RESPONSE:**


3.      State the name, complete address, occupation and present employment of each person that Defendant CSXT, Defendant CSXT's counsel or anyone on Defendant CSXT's behalf has interviewed in connection with this lawsuit.

**RESPONSE:**


4.      State the name, address and occupation of each expert witness whom Defendant CSXT expects to call to testify in this action and state for each witness (a) the subject matter on which the expert is expected to testify, (b) the substance of the facts and opinions to which the expert is expected to testify and (c) a summary of the grounds for each opinion. This request specifically includes any present or former railroad employees who may offer opinions on customs, practices, rules or any other topic, based on their experience working for railroads. Provide the

style and case number of any cases in which this expert has testified or been deposed for ten (10) years preceding the date of your response to this Interrogatory.

**RESPONSE:**

5.    List and identify each report or writing, either oral or written, made by or received by Defendant CSXT concerning the claim or accident detailed in the Complaint and state the name, address, telephone number and classification or occupation of any person making and any person, agency or governmental body receiving each such report or writing, including the date and time received, the official name and description of each such report, and attach a copy of any written documents hereto.

This request includes any "accident report" and/or "unsafe condition report" filed by Decedent or others regarding the subject incident and all such writings made in the ordinary course of business, including court documents, depositions, pleadings and papers of every nature relating to the subject claim or prior similar worker claims of which you have knowledge, exclusive of attorney-client privileged communications, further, including any reports describing the activities or the manner in which the work was being done, any and all such statements, writings or reports by others regarding any aspect of the accident or the subsequent investigation of same made ordinary course of business (which includes all writings or documents generated at any re-enactment or simulation conducted by Defendant).

If Defendant claims a "privilege" against furnishing any documents, in order that Plaintiffs may determine whether or not an in camera review is necessary by the Court, provide a privilege log for the documents for which the privilege is raised.

**RESPONSE:**

6

6.     With respect to the incident described in Plaintiffs' Complaint, state whether Defendant CSXT has received complaints, either oral or written, or been informed of other workers who have been injured in the same manner as Decedent, for five years prior to Allen C. Lowe's death, as alleged. If so, state the name, address and telephone number of the persons involved, the date and location of each complaint, claim, report, notice or incident, and set forth in detail the subject matter of each complaint claim, report, notice or incident, whether or not the claim, report, notice or incident was in written form, and what disposition was made.

Include in your answer any reports of personal injuries/deaths sustained under similar circumstances, which includes, but is not limited to a search of your records and computer database or prior worker injuries as follows: injuries related to engine compartments, engine compartment doors, engine compartment latches, slips on locomotives, falls on locomotives, and trips on locomotives.

**RESPONSE:**


7.     State whether Defendant CSXT has received complaints, either oral or written, regarding the change in switching and/or remote-control at Wauhatchie Yard from April 1, 2010 to April 23, 2019. If so, state the name, address and telephone number of the persons involved, the date and location of each complaint, claim, report, notice or incident, and set forth in detail the subject matter of each complaint claim, report, notice or incident, whether or not the claim, report, notice or incident was in written form, and what disposition was made.

**RESPONSE:**

7

8.    List and identify any material, object, plan, drawing, sketch, map, photograph, negative, video or film, data set, download, LocoCAM, LDVR data and/or footage, yard camera footage and recording or writing relating to the claim herein, even if such has been lost, destroyed, or misplaced, and indicate the date, whether posed or un-posed, still or moving, the place and time made, the name, address and classification or occupation of each person having possession of each, provide a description of the subject matter of each, and attach a copy of each to the answers hereto. This request specifically includes, but is not limited to, any statement made by Decedent or others to Defendant regarding unsafe conditions, or the conditions and/or operations in the yard in general. Identify any materials for which Defendant claims any privilege, and that Defendant will not attach because of that claim.

**RESPONSE:**


9.    Did Defendant CSXT, or any party or persons acting for or on behalf of Defendant CSXT, within five (5) years before or at any time after the accident herein, make any repairs, replacements, inspections, tests, or adjustments of the equipment including the locomotives involved in the subject incident, remote control device involved in the subject incident, railcars and/or the radios involved in the accident, or conduct any reenactments of the incident at issue in the Complaint? If so:

   (a)    list and identify any persons making such repairs, replacements, inspections, tests, adjustments, measurements, or reenactments; describe any such repairs, replacements, inspections, tests, adjustments, measurements, or reenactments as to the exact nature of such repairs, replacements, inspections, tests, adjustments, measurements, or reenactments;

   (b)    state the reason for and the results of any such repairs, replacements, inspections, tests, adjustments, measurements, or reenactments;

8

(c)    attach a copy of the findings for each, with the date made, the name, the address, and the occupation of any persons who drafted or are the person in possession of such record or report. If any information has not been reduced to writing, identify any person with knowledge of the information.

**RESPONSE:**

10.    Did Defendant CSXT, or any party or persons acting for or on behalf of Defendant CSXT, within five (5) years before or at any time after the accident herein, make any repairs, replacements, inspections, tests, or adjustments to any part and/or portion of the rail yard, commonly known as Wauhatchie Yard, tracks and/or track components including but not limited to any rail(s), crossties, switches, frogs, derails, tie plates, railroad spikes, ballast, and/or mainline tracks associated in anyway with Wauhatchie Yard? If so:

(a)    list and identify any persons making such repairs, replacements, inspections, tests, adjustments, measurements, or reenactments; describe any such repairs, replacements, inspections, tests, adjustments, measurements, or reenactments as to the exact nature of such repairs, replacements, inspections, tests, adjustments, measurements, or reenactments;

(b)    identify with specificity the exact location of any such repairs, replacements, inspections, tests, adjustments, measurements, or reenactments including the specific track section and/or portion of Wauhatchie Yard involved;

(b)    state the reason for and the results of any such repairs, replacements, inspections, tests, adjustments, measurements, or reenactments;

(c)    attach a copy of the findings for each, with the date made, the name, the address, and the occupation of any persons who drafted or are the person in possession of such record or report. If any information has not been reduced to writing, identify any person with knowledge of the information.

**RESPONSE:**

11.    State if any job demand form(s) were created for Decedent. If so, state the date the form was created, the position, the person completing the form, as well as their position, and the

9

person maintaining custody and control of the form(s).

**RESPONSE:**


12.    State how you contend the accident occurred and the factual basis for any affirmative defenses you assert in your Answer in this action.  If Defendant CSXT contends that Decedent was negligent and that such negligence in any way caused or contributed to cause Decedent's injuries or damages, state precisely each respect in which Decedent was negligent, including the alleged violation of any company rule, procedure or standards, regulation, instruction, bulletin, order, practice, custom, law, or any other standard, the alleged facts to support that contention, and persons who are familiar with all such contentions.

**RESPONSE:**


13.    Do you know of any person (including Decedent), employee, co-worker, crew member, supervisory personnel or officer of Defendant CSXT who failed to comply with any railroad operating rule, procedure, safety rule, standard, regulation, directive, bulletin or other instruction which contributed to the subject accident or Decedent's death?  If so, provide a copy or state verbatim the content of each such operating rule, procedure, safety rule, standard, regulation, directive, bulletin or other instruction, together with each and every document or writing asserting or describing the violation of any of the above, including transcripts of formal investigations, and state the name of all persons violating same, and identify all persons with knowledge of the violation.

**RESPONSE:**

14.     Do you, any of your agents or employees, or any other party to this action have knowledge that Decedent made any remark, comment, admission or declaration (verbal or written) that may be used by Defendant CSXT against Decedent and/or Plaintiffs, state the identity of the individual or individuals to whom such were made, the date, time and place, the nature and content, and the identity of all individuals known to you to have been present at the making of such remark, comment, admission or declaration.  If any remark, comment, admission or declaration is in writing, attach a copy to these answers.  This is a continuing Interrogatory, and Plaintiffs request supplementation for any such declarations made by Decedent.

**RESPONSE:**


15.     State whether Defendant CSXT, has changed any policies, taken any steps, created or published any rules, bulletins or warnings as a result of the accident that forms the basis of Plaintiff's Complaint.

**RESPONSE:**


16.     State whether Defendant CSXT has made changes to any yard operations with respect to switching and/or remote control operations at Wauhatchie Yard in the last five (5) years.

**RESPONSE:**


17.     If you have knowledge of any incident or accident, other than as set forth in the Complaint, which may have caused or contributed to injuries claimed, set forth the date, time, and place thereof, the names and addresses of all persons having knowledge of same, and produce any relevant documents.

11

**RESPONSE:**

18.     Did CSXT perform a "root cause analysis" and/or "key factors analysis" or any sort of investigation related to the incident that forms the basis of Plaintiffs' Complaint?

     a.     If the answer is in the affirmative, state:

          i.     the names, addresses, employment title of all individuals involved in the analysis;

          ii.     the circumstances surrounding the conducting of the analysis;

          iii.     all reports, writings and/or documents relied upon in the analysis;

          iv.     all reports, writing and/or document created as a result of the analysis;

          v.     the results and/or conclusion of the analysis;

          vi.     all facts relied upon in arriving at the results/conclusion of the analysis.

     b.     If Defendant CSXT did not conduct/perform either a "root cause analysis," "key factors analysis" or other similar analysis or investigation of any sort into the incident, state:

          i.     Defendant CSXT's company policy regarding when such an analysis should be performed;

          ii.     Identify all individuals who decided not to conduct such an analysis;

          iii.     Identify all individuals who can order and/or direct that such an analysis be undertaken following an injury resulting in missed time; and

          iii.     State the reasons why such an analysis was not conducted.

**RESPONSE:**

12

19.     If you contend that Decedent's death, resulting from the incident claimed in the Complaint, were not caused in whole or in part by Defendant CSXT's negligence, set forth all facts to support your contention, provide the name and address of all persons with knowledge of same, and produce all documents, writings and media which support your position.

**RESPONSE:**


20.     State all knowledge you possess with respect to Decedent as to any civil or criminal misconduct, dishonesty, criminal or fraudulent conduct (whether on the job or otherwise) or present or past violation of any of Defendant CSXT's rules or procedures (this "misconduct" is including, but not limited to such conduct connected with any employment or insurance applications, tax returns, unreported income sources or domestic relations matters), including the name and addresses of persons who know of such information, and produce any and all documents or things you possess regarding same.    Identify who possesses any relevant documents if you know of same, but do not have current possession.

**RESPONSE:**


21.     State whether you have safe job rules, policies, standing orders, regulations or procedures in any company document or manual relating in any manner to the work Decedent and other employees of Defendant involved in this incident were performing at the time of his incident, and if so, state the same verbatim or attach a copy to your response to our production request, but if you answer that there is no such written rule, policy, standing order, regulation or procedure, explain in full detail the customary method of performing the work or tasks.

**RESPONSE:**


13

22.    Do you contend that Plaintiff suffered from any pre-existing condition that caused or contributed to his injuries?  If so, state with specificity the nature of such condition, disease or defect and define the impairment and restrictions, and furnish any records that specify such condition, disease or defect.

**RESPONSE:**

Respectfully submitted this 4th day of December, 2019.

**COOK, p.c.**

By: _____

Edward S. Cook
Ga. Bar No. 183741
Admitted to practice in EDTN
Lindsey A. Rodgers
BPR# 036177
Admitted to practice in EDTN
William P. Leverett, Jr.
Ga. Bar No. 225593
Admitted to practice in EDTN
ATTORNEYS FOR PLAINTIFF

970 Peachtree Industrial Boulevard, Ste. 202
Suwanee, GA 30024
Ph. 404.841.8485
Fx. 678.541.5408
ecook@cookpclaw.com
lrodgers@cookpclaw.com
bleverett@cookpclaw.com

14

# CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that true copies of the foregoing Plaintiffs' First Interrogatories to Defendant, CSX Transportation, Inc. was sent via U.S. Mail, with sufficient postage attached, to the following counsel of record:

Christopher W. Cardwell
Mary Taylor Gallagher
**GULLET, SANFORD, ROBINSON& MARTIN, PLLC**
150 Third Avenue South, Suite 1700
Nashville, Tennessee 37201
ccardwell@gsrm.com
mtgallagher@gsrm.com

**COOK, p.c.**

By: _____

Edward S. Cook
Ga. Bar No. 183741
Admitted to practice in EDTN
Lindsey A. Rodgers
BPR# 036177
Admitted to practice in EDTN
William P. Leverett, Jr.
Ga. Bar No. 225593
Admitted to practice in EDTN
ATTORNEYS FOR PLAINTIFF

970 Peachtree Industrial Boulevard, Ste. 202
Suwanee, GA 30024
Ph. 404.841.8485
Fx. 678.541.5408
ecook@cookpclaw.com
lrodgers@cookpclaw.com
bleverett@cookpclaw.com

15